It is referred to the Supreme Court to decide upon consideration of the public law, and of the private acts which have been passed to regulate the town of Fayetteville (which private acts are a part of this case), whether the persons who hold the office of commissioners are liable to an indictment upon the ground that the streets are out of repair. *Page 318 
We are of opinion the defendants are subject to an indictment if the streets of the town are permitted to be and remain out of repair. Annoyances in highways, by rendering the same inconvenient or dangerous to pass, either positively by actual obstructions or negatively by want of reparations, are deemed nuisances. For both of these the person so obstructing, or such individuals as are bound to repair and cleanse the same, may be indicted.
Let us examine who are bound to repair and cleanse the streets of the town of Fayetteville. By an act of the General Assembly passed 1787, the commissioners are invested with full power and authority to make rules and regulations, and to pass ordinances, for levying and collecting taxes on the persons and property in said town; and they are directed and empowered to appropriate the money which they shall cause to be collected to various objects for the good government and well-being of said town, one of which objects, as expressly declared by the act, is the reparation and keeping in good order the streets of said town. It is not denied that the keeping the streets in repair is a thing that concerns the public in general. If the commissioners are guilty of omission in laying the taxes and appropriating some part of the proceeds in repairing the streets, I would ask if they have not completely omitted to perform an essential duty imposed upon them by law, which duty was of public concern? The law says that where a statute commands or prohibits a thing of public concern, the persons guilty of disobedience to the statute are liable to be indicted for a disobedience. The commissioners, instead of calling out the hands to work on the streets, like an (421) overseer of the public roads, call forth the pecuniary resources of the town, and hire laborers to perform the duty, etc. It has been said that as the commissioners are annually elected, it might so happen that one set of commissioners might be punished for the omission of their predecessors in paying the taxes, etc. The defendants are charged in the indictment with their own culpable omission and negligence, and not with the faults of others; and unless this principal charge in the indictment be substantiated, they cannot be convicted. The law requires an impossibility of no man.
The demurrer is overruled.
LOWRIE, J.: I doubt.
NOTE. — See S. v. Lenoir, 11 N.C. 194.
Cited: S. v. Halifax, 15 N.C. 351; S. v. Hall, 97 N.C. 475; Battlev. Rocky Mount, 156 N.C. 338. *Page 319